**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| LINDSEY R. PATRICK,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SARATOGA SPRINGS, and LINDSAY JARVIS, Saratoga Springs City Prosecutor,<br><br>　　　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:10-cv-00434-DB-BCW<br><br>Judge Brooke C. Wells |

　　　　On May 24, 2010, this case was referred to the undersigned by Judge Dee Benson pursuant to 28 U.S.C. 636(b)(1)(B). Before the Court is Plaintiff's expedited motion for stay that was filed on May 12, 2010. Plaintiff moves the Court "for a stay in the Bench trial scheduled for May 21st 2010 at 12:20 pm until this court can determine if the civil rights of the plaintiff have been violated."[1] There is nothing in the docket before the Court to indicate the Bench trial Plaintiff wants stayed is scheduled before the Utah Federal District Court. Therefore, after considering Plaintiff's Complaint, the Court presumes his request pertains to a matter scheduled in the Utah state courts and the Court renders this decision in accordance with the evidence before it that is consistent with that presumption.

　　　　Pursuant to 28 U.S.C. § 1915, the Court granted Plaintiff, Lindsey Patrick who is acting pro se, permission to file his complaint without the payment of fees.[2] Section 1915 further

---

[1]Motion p. 1.

[2]Docket no. 2.

1

provides that a court "shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3]

Plaintiff's complaint alleges that the Saratoga Springs City prosecutor "presumed guilt over innocence by first offering a plea deal before plaintiff had been arraigned."[4] Allegedly, the city prosecutor did not offer Mr. Patrick a jury trial, but instead requested a bench trial and did not offer Mr. Patrick counsel as required in "all criminal prosecutions."[5] Finally, in the Complaint, Plaintiff seeks a change of venue "for the alleged crime,"[6] an award of punitive damages and a stay in the bench trial scheduled for May 21st.

When reviewing a plaintiff's allegations, a court must construe the pro se complaint liberally.[7] The court, however, "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[8] The broad reading of a plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[9] Every fact need not be described in specific detail, but "conclusory allegations without supporting factual averments are insufficient to state a

---

[3] 28 U.S.C. § 1915.

[4] Complaint p. 1.

[5] *Id.* at p. 2.

[6] *Id.*

[7] *See Haines v. Kerner*, 404 U.S. 519, 519-21 (1972).

[8] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

claim on which relief can be based."[10]

Here, the Court has carefully reviewed Mr. Patrick's Complaint. The Complaint focuses on facts surrounding a Utah state court action. Plaintiff appears unsatisfied with what occurred or is still occurring during that case and alleges there were violations of his Constitutional rights. The problem, however, is this Court is barred from intervening in a state court action pursuant to the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine.

Under the *Rooker-Feldman* doctrine federal district courts do not have authority to review, reverse or invalidate state court decisions.[11] No federal court other than the United States Supreme Court can reverse or modify the judgment of a state court because to do so would be an exercise of appellate jurisdiction.[12] Should a constitutional question arise in the course of a state case, it is the duty of the state courts to decide it. If it is wrongly decided, the litigant must appeal to the appropriate state court.[13] "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."[14]

Pursuant to the *Younger* abstention doctrine, a federal court must abstain from exercising

---

[10] *Id.*

[11] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

[12] *See Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416.

[13] *See Rooker*, 263 U.S. at 415.

[14] *Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) (stating federal courts do not have jurisdiction to review any claims of alleged constitutional rights violations under section 1983 that arise during the course of state judicial custody proceedings).

jurisdiction over a case in which there is an ongoing state action.[15] "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings - when such relief could adequately be sought before the state court."[16] *Younger* abstention is not discretionary, and must be invoked by a federal court when the following are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[17]

Here, it is unclear whether the state action is still ongoing since a bench trial was set for May 21st. But, if the matter is ongoing, the Court finds the *Younger* abstention doctrine would apply. There is nothing before the Court to indicate the state court is an inadequate forum to hear Plaintiff's claims. And, the state has an important interest in governing the methods and policies concerning how a defendant is prosecuted. Thus, the required factors are present in this case.

Finally, any allegations against Lindsay Jarvis, the Saratoga Springs City Prosecutor, would likely fail as a matter of law. The Eleventh Amendment bars suit against a state official in

---

[15] *See Younger v. Harris*, 401 U.S. 37 (1971); *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294 (10th Cir. 1997).

[16] *Reinhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

[17] *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)

4

federal court.[18] State officials sued for damages in their official capacities are not considered "persons" within the meaning of sections 1983 and 1985 because they assume the identity of the government that employs them.[19]

RECOMMENDATION

Based upon the foregoing, this Court recommends that Mr. Patrick's Complaint be dismissed. Mr. Patrick's expedited motion for stay should be denied or deemed moot.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[20] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 25th day of May, 2010.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge

---

[18] *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

[19] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[20] Fed. R. Civ. P. 72(b)(2).